MICHAEL W. VIVOLI (Bar No. 184366)
mvivoli@vivolilaw.com
VIVOLI SACCUZZO, LLP
3104 Fourth Avenue
San Diego, California 92103
(619) 744-9992 (Tel)
(619) 744-9994 (Fax)

Attorneys for Defendant,
CORNERSTONE FIRST MORTGAGE, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL SHAKOOR-DELGADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORNERSTONE FIRST MORTGAGE, LLC,<br><br>Defendant. | Case No.: 24CV1811 MMA-BLM<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MICHAEL W. VIVOLI IN SUPPORT THEREOF**<br><br>Hearing Date:  March 24, 2025<br>Hearing Time:  2:30 p.m.<br>Courtroom:    3C<br><br>Complaint Filed:  October 9, 2024 |

## TO:  ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cornerstone First Mortgage, LLC ("Cornerstone") hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), to dismiss the third count within Plaintiff's

1   Class and Collective Action Complaint ("Complaint") for  violation of the Illinois
2   Wage Payment and Collect Act – Unlawful Expense Reimbursements.

3       Cornerstone's motion is made pursuant to FRCP Rule 12(b)(6) and on
4   grounds Plaintiff  has failed to allege she submitted any request for reimbursement
5   as required by Section 9.5 of the Illinois Wage Payment and Collection Act
6   ("IWPCA"), even after the insertion of factually false assertions regarding
7   Cornerstone's purported "policy" concerning employee reimbursements.  As such,
8   Plaintiff's Complaint fails to state a claim for violation or the IWPCA as to
9   expense reimbursements and Count Three of Plaintiff's Complaint should be
10  dismissed without leave to amend given Plaintiff cannot truthfully amend the
11  Complaint to assert an actionable claim for failing to reimburse employee expenses
12  under the IWPCA.

13      Cornerstone's motion is based on this notice of motion and motion, on the
14  attached memorandum of points and authorities in support thereof, on the attached
15  Declaration of Michael W. Vivoli and on the complete court record and file herein,
16  including Plaintiff's Complaint (Doc. No. !).

17
18  Dated: February 7, 2025         VIVOLI SACCUZZO, LLP
19
20                                  By: _/s/ Michael W. Vivoli_____
21                                      MICHAEL W. VIVOLI
22                                      Attorneys for Defendant,
23                                      CORNERSTONE FIRST MORTGAGE, LLC
24
25
26
27
28

DEFENDANT'S FRCP RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

# MEMORANDUM OF POINTS & AUTHORITIES

## 1.    INTRODUCTION

Cornerstone is a San Diego-based mortgage lender that maintains branch offices in various states throughout the country, including Illinois.  Plaintiff voluntarily left her remote employment in Illinois with Cornerstone in ! only to return in !. (See Complaint, at ¶ !.)  Plaintiff now alleges, by way of the third count of her Complaint, that Cornerstone failed to reimburse Plaintiff for the high-speed internet, cell phone, and unspecified equipment and office expenses she claims to have been forced to incur as part of her remote employment with Cornerstone in Illinois, in violation of the Illinois Wage Payment and Collection Act ("IWPCA"). Notably, Plaintiff originally filed her Complaint in the District Court for the Northern District of Illinois, where Cornerstone filed a motion to dismiss her third count on grounds it failed to make any allegation that Plaintiff complied with Section 9.5 of the IWPCA, which limits reimbursement to expenses submitted within 30 calendar days of their having been incurred. (See Exhibit "!" to the Declaration of Michael W. Vivoli, filed herewith.)

Upon withdrawing her Complaint in the Northern District of Illinois and re-filing her Complaint in this District, Plaintiff *still* fails to allege that she complied with the IWPCA by submitting a written request for reimbursement of expenses incurred in connection with her employment at Cornerstone. (See Complaint, at ¶¶ !-!.)  Instead, Plaintiff seeks to sidestep that requirement (and Plaintiff's tacit admission she never submitted a request for reimbursement as required by the IWPCA) by vaguely alleging that Cornerstone "had no expense reimbursement policy which permitted Plaintiff and the IWPCA Class Members to request that these necessary expenditures be reimbursed by Cornerstone." (See Doc. 1, at ¶ 55.) In addition, Plaintiff falsely alleges that "at all relevant times, it was Cornerstone's policy that the necessary expenditures detailed herein were not eligible for reimbursement." (Id. at ¶ 56.)

DEFENDANT'S FRCP RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

1    Plaintiff's "amendment" fails to cure the defect outlined in Cornerstone's
2    prior motion to dismiss the third count of Plaintiff's Complaint.  As argued before,
3    the IWPCA expressly requires an employer to reimburse an employee for
4    necessary expenditures incurred by the employee within the scope of their
5    employment **so long as** those expenses are submitted within 30 calendar days. (See
6    820 ILCS 115/9.5.)  Because Plaintiff's Complaint fails to allege compliance with
7    the IWPCA, the third count within her Complaint fails as a matter of law.  As such,
8    Cornerstone moves to dismiss it, without leave to amend or replead.

9    **2.    RELEVANT FACTS**

10    On Jun 19, 2024, Plaintiff filed a Complaint in the Northern District of
11    Illinois alleging three causes of action against Cornerstone, with whom she alleged
12    she was employed between ! and !, and again commending on !. (See Exhibit "!" to
13    the Vivoli Decl.)   In response, Cornerstone filed its answer and affirmative
14    defenses to counts one and two, but filed a motion to dismiss count three based on
15    Plaintiff's failure to allege her own compliance with the IWPCA, upon which she
16    purported to base her suit. (See Vivoli Decl., at Exhibit "!" thereto.)

17    Plaintiff dismissed her Illinois complaint and re-filed with this Court on
18    August 26, 2024. (See Doc. No. 1.)  Rather than allege her compliance with the
19    IWPCA, Plaintiff instead alleges that "Cornerstone had no expense reimbursement
20    policy which permitted Plaintiff and the IWPCA Class Members to request that
21    these necessary expenditures be reimbursed by Cornerstone." (Id. at ¶¶ 55 and
22    128.)  In addition, Plaintiff alleges that, "at all relevant times, it was Cornerstone's
23    policy that the necessary expenditures detailed herein were not eligible for
24    reimbursement." (Id. at ¶¶ 56 and 129.)

25    However, **nowhere** does Plaintiff plead her compliance with the express
26    requirements of the IWPCA by submitting a written request for reimbursement of
27    eligible expenses within thirty (30) days, as is required under the IWPCA.  As a
28    result, the Court should dismiss Plaintiff's third count, without leave to amend.

**3.    AUTHORITY FOR MOTION**

A 12(b)(6) motion to dismiss may be made on any of the grounds enumerated in Rule 12(b)(6) provided it is made before pleading if a responsive pleading is allowed. (FRCP 12(b); *Aetna Life Ins. Co v. Alla Med. Services, Inc.*, 855 F.2d 1470, 1474.)  Such grounds include a failure to state a claim upon which relief can be granted. (See FRCP 12(b)(6); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954-955 (9th Cir. 2004).)

Here, Cornerstone is *answering* Plaintiff's first and second counts, but hereby moves to dismiss the third count, which requires Plaintiff to allege that she timely presented a written request for reimbursements within thirty (30) days of incurring them, or at such later time as Cornerstone's **written** policy provides. (820 ILCS 115/9.5(b).)   Because Plaintiff has not and cannot truthfully allege a violation of the IWPCA for failing to comply with that statute, this Court should grant Cornerstone's motion to dismiss her third count without leave to amend or replead.

**4.    LEGAL ARGUMENT**

**4.1    Count Three of Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Under the IWCPA.**

Count three of Plaintiff's Complaint alleges Cornerstone failed to reimburse necessary expenses in violation of the IWPCA.  However, Plaintiff fails to allege that she ever submitted her alleged expenses to Cornerstone for reimbursement. However, the IWPCA provides as follows:

An employee shall submit any necessary expenditure with appropriate supporting documentation within 30 calendar days after incurring the expense, except that an employer may provide additional time for submitting requests for reimbursement in a written expense reimbursement policy. Where supporting documentation is nonexistent, missing, or lost, the employee shall submit a signed statement regarding any such receipts.

(820 ILCS 115/9.5(a).)

1    The IWPCA also makes clear that an employer is only liable for failing to

2    comply with its own written expense reimbursement policy.  To that end, the

3    IWPCA provides as follows:

> 4    An employee is not entitled to reimbursement under this Section if (i)
> 5    the employer has an established written expense reimbursement policy
>      and (ii) the employee failed to comply with the written expense
> 6    reimbursement policy. An employer is not liable under this Section
> 7    unless the employer authorized or required the employee to incur the
>      necessary expenditure or the employer failed to comply with its own
> 8    written expense reimbursement policy. If the written expense
> 9    reimbursement policy of an employer establishes specifications or
>      guidelines for necessary expenditures, the employer is not liable under
> 10   this Section for the portion of the expenditure amount that exceeds the
> 11   specifications or guidelines of the policy so long as the employer does
> 12   not institute a policy that provides for no reimbursement or de
>      minimis reimbursement.
> 13

14   (820 ILCS 115/9.5(b).)

15    Here, to survive a motion to dismiss, Plaintiff must allege that she submitted

16   the claimed expenses with appropriate documentation within 30 day of incurring

17   the expense, unless Cornerstone's *written* policy provided for a longer period of

18   time. (*Prokhorov v. IIK Transp., Inc.*, 20 CV 6807, 2024 WL 3694523, at *12

19   (N.D. Ill. Aug. 7, 2024).)  Without evidence that an employee submitted requests

20   for reimbursements as required by the IWPCA, an employee cannot recover

21   Section 9.5 of the IWPCA. (*Ibid.* ["Because there's no evidence in the record of

22   requests made by drivers and reimbursements unfulfilled by IIK, no reasonable

23   jury could find that IIK failed to reimburse employees under Section 9.5."].)

24    Notably, Plaintiff makes no assertion that Cornerstone maintained a "written

25   policy" concerning the expenses at issue in her Complaint, nor does Plaintiff

26   alleged, anywhere, that she ***ever*** submitted her claimed expenses in writing, as

27   outright mandated by the IWPCA.  Accordingly, Cornerstone again moves to

28   dismiss Plaintiff's third count, without leave to amend or replead.

5.    **<u>CONCLUSION</u>**

For all the foregoing reasons, Cornerstone respectfully requests this Court grant Cornerstone's motion to dismiss count three of Plaintiff's Complaint without leave to amend.


Dated: February 7, 2025          VIVOLI SACCUZZO, LLP


By: *<u>/s/ Michael W. Vivoli</u>*
     MICHAEL W. VIVOLI
     Attorneys for Defendant,
     CORNERSTONE FIRST MORTGAGE, LLC

## DECLARATION OF MICHAEL W. VIVOLI

I, MICHAEL W. VIVOLI, declare as follows:

1.    I am an attorney duly licensed to practice before all courts of the State of California and this District Court and am a partner in the law firm of Vivoli Saccuzzo, LLP, attorneys of record for Defendant herein, CORNERSTONE FIRST MORTGAGE, LLC ("Cornerstone").  I have personal knowledge of all facts set forth herein and, if called upon to testify thereto, I could and would competently do so.

2.    Attached hereto as **Exhibit "A"** is a true and correct copy of a Complaint originally filed by Plaintiff with the District Court for the Northern District of Illinois.  In response to Exhibit "A," Cornerstone filed an answer and motion to dismiss the third count of that Complaint.  A true and correct copy of that motion is attached hereto as **Exhibit "B."**

3.    Upon the Illinois matter being dismissed and this lawsuit filed, I have met and conferred with counsel for Plaintiff regarding deficiencies in the Complaint re-filed here, and notified counsel of Cornerstone's intention to file a motion to dismiss on the same grounds as were raised in Illinois.  Plaintiff's counsel originally offered to stay this case until the parties mediated, but ultimately failed to reach agreement on a mutually acceptable mediator, or to mediate at all given the limited information available concerning Plaintiff's claims at this time. Among other things, I have communicated to Plaintiff's counsel that notwithstanding the allegations of the Complaint, Cornerstone currently employs only eight (8) people in the State of Illinois.

I declare under the penalty of perjury under the laws of the United States of America the foregoing is true and correct and that this Declaration was executed on this 7th day of February, 2025, in San Diego, California.

_/s/  Michael W. Vivoli_
MICHAEL W. VIVOLI

DEFENDANT'S FRCP RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **April Shakoor-Delgado**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Cornerstone First Mortgage, LLC**<br><br>Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, April Shakoor-Delgado ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Cornerstone First Mortgage, LLC (hereafter "Defendant" or "Cornerstone") and alleges as follows:

### PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, Illinois Wage Payment and Collection Act ("IWPCA"), 820 115/1 *et seq.* and Fed. R. Civ. P. 23 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2.      Plaintiff, the Collective Members and the Class Members are current and former employees of Cornerstone.  Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt employees who were not paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek (also referred to as the "Covered Positions").

3.      The Collective Members are all current and former non-exempt employees who were not paid one-and-one-half times their regular rate of pay for all hours worked in excess of

1



forty (40) hours in any given workweek (also referred to as the "Covered Positions") at any time
starting three years before this Complaint was filed, up to the present.

4.      The IMWL Class Members are all current and former non-exempt employees who
were employed in Illinois and were not paid one-and-one-half times their regular rate of pay for
all hours worked in excess of forty (40) hours in any given workweek at any time starting three
years before this Complaint was filed, up to the present.

5.      The IWPCA Class Members are all current and former non-exempt employees who
were employed in Illinois and who worked for Cornerstone remotely at any time starting January
1, 2019, up to the present.

6.      Under the FLSA and IMWL, employers must pay all non-exempt employees an
overtime wage premium of pay one and one-half times their regular rate of pay for all time they
spend working in excess of 40 hours in a given workweek. For the purposes of computing the
lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus
payments. *See* 29 C.F.R. 778.208-215.

7.      Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary
expenditures or losses incurred by the employee within the employee's scope of employment and
directly related to services performed for the employer." 820 ILCS 115/9.5(a). Cornerstone
violated the IWPCA by failing to adequately reimburse Plaintiff and the IWPCA Class Members
for the equipment, internet, cell phone, and remote office expenses necessary to perform their job
duties for Cornerstone.

8.      Plaintiff, the Collective Members and the IMWL Class Members were paid
commissions in their work for Cornerstone. However, Cornerstone did not pay Plaintiff, the

2

Collective Members and the IMWL Class Members any overtime whatsoever for the work that the performed which was in excess of forty (40) hours in any given workweek.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

10.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the Northern District of Illinois.

11.      Plaintiff performed work and was employed by Cornerstone within this Judicial District.

12.      Cornerstone is a Delaware corporation with its principal place of business in San Diego, California.

13.      Plaintiff, the Collective Members and the Class Members in their work for Cornerstone were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

14.      At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in DuPage County, Illinois, and is an employee of Cornerstone.

15.      Plaintiff has been employed by Cornerstone as a loan officer from November 2021 through the present.

16.      The IMWL Class Members, IWPCA Class Members and Collective Members are all current and former employees in the Covered Positions who worked for Cornerstone at any point in the three years preceding the filing of this Complaint.

3

17.    Under the IMWL, IWPCA and FLSA, Cornerstone is an employer. At all relevant times, Cornerstone had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Members' employment. As a person who acted in the interest of Cornerstone in relation to the company's employees, Cornerstone is subject to liability under the IMWL, IWPCA and FLSA.

18.    At all material times, Plaintiff and the Class and Collective Members were employees of Cornerstone as defined by the IMWL, IWPCA and FLSA, 29 U.S.C. § 203(e)(1).

19.    At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

20.    Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as Exhibit "A."

21.    At all relevant times, Plaintiff and the Class and Collective Members, in their work for Cornerstone, were engaged in commerce or the production of goods for commerce.

22.    At all relevant times, Plaintiff and the Class and Collective Members, in their work for Cornerstone were engaged in interstate commerce.

## FACTUAL ALLEGATIONS

23.    Cornerstone is a full-service mortgage lender.

24.    At all relevant times, Plaintiff, the Collective Members and the IMWL Class Members were paid on commissions.

25.    At all relevant times, Plaintiff, the Collective Members and the IMWL Class Members regularly worked in excess forty hours in a given workweek.

4

26.     However, Cornerstone failed to pay Plaintiff, the Collective Members and the IMWL Class Members any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

27.     The IMWL Class Members and the Collective Members were likewise paid on a commission basis.

28.     The IMWL Class Members and the Collective Members likewise worked in excess of forty (40) hours in a given workweek during the three-years prior to the filing of this lawsuit.

29.     The IMWL Class Members and the Collective Members likewise were not paid any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

30.     Plaintiff, the IMWL Class Members and the Collective Members were non-exempt employees.

31.     Plaintiff, the IMWL Class Members and Collective Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Cornerstone's employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

32.     The primary duty of Plaintiff, the IMWL Class Members and Collective Members was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

33.     At all relevant times, Plaintiff and the IWPCA Class Members work to meet the day-to-day customer service needs of Cornerstone.

5

34.    In other words, without Plaintiff and the IWPCA Class Members, Cornerstone would have little to no customer service and Cornerstone would not be able to operate as a profitable business.

35.    At all relevant times, Cornerstone has imposed strict high-speed internet, dedicated phone, and dedicated home office space requirements upon Plaintiff and the IWPCA Class Members.

36.    At all relevant times, Cornerstone has failed to reimburse Plaintiff and the IWPCA Class Members for the costs of such high-speed internet, dedicated phone, and dedicated home office expenses.

37.    At all relevant times, the high-speed internet required by Cornerstone was for Cornerstone's benefit.

38.    At all relevant times, Plaintiff and the IWPCA Class Members were required to work on Cornerstone's software platform, which requires employees to be connected to the internet via a high-speed connection.

39.    In other words, Plaintiff and the IWPCA Class Members could not fulfill their job duties for Cornerstone without a high-speed connection.

40.    At all relevant times, the dedicated phone line required by Cornerstone was for Cornerstone's benefit.

41.    At all relevant times, Plaintiff and the IWPCA Class Members were required to work on Cornerstone's software program, which requires Plaintiff and the IWPCA Class Members to have a dedicated phone line.

42.    In other words, Plaintiff and the IWPCA Class Members could not fulfill their job duties for Cornerstone without a high-speed connection.

6

43.    At all relevant times, Cornerstone required Plaintiff and the IWPCA Class Members to provide and maintain a quiet, dedicated, clutter-free remote work space.

44.    Cornerstone's home office requirements are designed to ensure that its brand standards are met and that Cornerstone presents itself to its customers in a professional and positive light.

45.    Rather than providing and maintaining appropriate office space for Plaintiff and the IWPCA Class Members, Cornerstone passed the expense of providing the same to Plaintiff and the IWPCA Class Members without reimbursing them for any of the expenses for providing and maintaining the same.

46.    Plaintiff and the IWPCA Class Members have been responsible for equipment and monthly expenses associated with maintaining a functional and appropriate remote office.

## COLLECTIVE ACTION ALLEGATIONS

47.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

48.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former employees of Cornerstone in the Covered Positions.

49.    Cornerstone subjected all of their employees within the Covered Positions, including Plaintiff and the Collective Members, to their policy and practice of not paying them one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

50.    At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and

7

have been subject to Cornerstone's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying the employees within the Covered Positions one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

51.     Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

52.     The Collective Members perform or have performed the same or similar work as Plaintiff.

53.     Cornerstone's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

54.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Cornerstone that caused harm to all of the Collective Members.

55.     As such, Plaintiff bring his FLSA overtime claim as a collective action on behalf of the following class:

> **All current and former non-exempt employees of Cornerstone who worked in excess of forty (40) hours in any given workweek and were not paid one-and-one-half times their regular rate of pay, at any time starting three years before this Complaint was filed, up to the present.**

8

56.     Cornerstone's unlawful conduct, as described herein, is pursuant to its corporate
policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its
employees according to the FLSA.

57.     Cornerstone was aware or should have been aware that federal law prohibited them
from failing to pay Plaintiff and the Collective Members one and one-half times their regular rates
of pay for time they spent working in excess of 40 hours in a given workweek.

58.     Cornerstone's unlawful conduct has been widespread, repeated, and consistent.

59.     This action is properly brought and maintained as an opt-in collective action
pursuant to 29 U.S.C. § 216(b).

60.     Upon information and belief, the individuals similarly situated to Plaintiff include
hundreds, and possibly thousands, of current and former Cornerstone employees. Plaintiff is
unable to state the precise number of similarly-situated employees because that information is
solely in Cornerstone's possession, custody, or control, but it can be readily ascertained from their
employment records.

61.     Notice can be provided to the Collective Members by First Class Mail to the last
address known to Cornerstone, via email at the last known email address known to Cornerstone,
by text message to the last known telephone number known to Cornerstone and by workplace
posting at each of Cornerstone's facilities.

## **RULE 23 CLASS DEFINITIONS AND ALLEATIONS**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding
paragraphs.

63.     Plaintiff brings Claims for Relief for violation of the IMWL as a class action

9

pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following Class Members:

> The **IMWL Class Members** are current and former non-exempt employees of Cornerstone who worked in Illinois and who worked in excess of forty (40) hours in any given workweek and were not paid one-and-one-half times their regular rate of pay any time starting three years before this Complaint was filed, up to the present.

> The **IWPCA Class Members** are current and former non-exempt employees of Cornerstone who worked remotely in Illinois at any time from January 1, 2019 up to the present.

> **Numerosity (Rule 23(a)(1)).**

64.     The Classes are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Cornerstone employed greater than one hundred people who satisfy the definition of the IMWL and IWPCA Class.

> **a. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

65.     Common questions of law and fact exist as to the Plaintiffs and the members of the IMWL and IWPCA Class including, but not limited to, the following:

a.  Whether Cornerstone unlawfully failed to pay members of the IMWL Class the overtime wage, in violation of the Illinois Minimum Wage Law;

b.  Whether Cornerstone failed to adequately reimburse the IWPCA Class Members for the costs of performing their job duties remotely in their work for Cornerstone;

c.  Whether Cornerstone unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois class as required by applicable law; and

d.  The damages sustained and the proper measure of restitution recoverable by members of the IMWL and IWPCA Classes.

### b.  Typicality (Rule 23(a)(3)).

66.     Plaintiff's claims are typical of the members of the IMWL and IWPCA Class

Members' claims. Plaintiff, like other members of the IMWL and IWPCA Classes, was subjected

to Cornerstone's illegal scheme to maximize profits by depriving their employees of overtime

compensation and making adequate expense reimbursements.

### c.  Adequacy (Rule 23(a)(4)).

67.     Plaintiff will fairly and adequately represent and protect the interests of the

members of the IMWL and IWPCA Classes. Plaintiff has retained counsel competent and

experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d.  Injunctive and Declaratory Relief (Rule 23(b)(2)).

68.     Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2)

because Cornerstone acted or refused to act on grounds generally applicable to the members of the

IMWL Class, making appropriate declaratory relief with respect to the members of the IMWL and

IWPCA Classes as a whole.

### e.  Predominance and Superiority of Class Action (Rule 23(b)(3)).

69.     Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3)

because questions of law and fact common to members of the IMWL and IWPCA Classes

predominate over any questions affecting only individual members of the Classes, and because a

class action is superior to other available methods for the fair and efficient adjudication of this

litigation. Cornerstone's common and uniform policies and practices illegally deprived Plaintiff

and all similarly situated employees of wages; thus, making the question of liability and damages

much more manageable and efficient to resolve in a class action, compared to hundreds of

individual trials. The damages suffered by individual members of the IMWL and IWPCA Classes

11

are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Cornerstone's practices.

70.     Plaintiff intends to send notice to all members of the IMWL and IWPCA Class Members to the extent required by Rule 23.

<u>**COUNT ONE: FAIR LABOR STANDARDS ACT**</u>
<u>**FAILURE AND/OR REFUSAL TO PAY OVERTIME**</u>

71.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

72.     Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

73.     At all relevant times, Plaintiff and the Collective Members were compensated on a commission basis.

74.     At all relevant times, Plaintiff and the Collective Members regularly worked in excess forty hours in any given workweek.

75.     Plaintiff was not paid any overtime whatsoever for the hours which she worked that were in excess of forty hours.

76.     The Collective Members were likewise paid on a commission basis.

77.     The Collective Members likewise worked in excess of forty (40) hours in a given workweek during the three-years prior to the filing of this lawsuit.

78.     The Collective Members likewise were not paid any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

79.     As a result, Cornerstone has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

80.     Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

81.     Cornerstone knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Cornerstone was aware of the FLSA's overtime requirements. As such, Cornerstone's conduct constitutes a willful violation of the FLSA.

82.     As a result of Cornerstone's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times their regular hourly rate for all work they performed for Cornerstone in excess of their regular 40-hour workweek, Cornerstone violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

<u>COUNT TWO: ILLINOIS MINIMUM WAGE LAW
UNPAID OVERTIME</u>

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

13

84.     Under the IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments.

85.     At all relevant times, Plaintiff and the IMWL Class Members were compensated via a base wage with the opportunity to earn certain non-discretionary commissions and bonuses.

86.     At all relevant times, Plaintiff and the IMWL Class Members regularly worked in excess forty hours in any given workweek.

87.     Plaintiff was not paid any overtime whatsoever for the hours which she worked that were in excess of forty hours.

88.     The IMWL Class Members were likewise paid on a commission basis.

89.     The IMWL Class Members likewise worked in excess of forty (40) hours in a given workweek during the three-years prior to the filing of this lawsuit.

90.     The IMWL Class Members likewise were not paid any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

91.     Cornerstone has engaged in a widespread pattern and practice of violating the provisions of the IMWL by failing and/or refusing to pay Plaintiff and the IMWL Class Members in accordance with IMWL § 820 105/4(a).

92.     Cornerstone has willfully failed and/or refused to pay Plaintiff and the IMWL Class Members overtime according to the provisions of the IMWL.

93.     Although at this stage, Plaintiff and the IMWL Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and

14

the IMWL Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

94.     Cornerstone knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the IMWL Class Members over the course of their working from home would violate Illinois law, and Cornerstone was aware of the Illinois overtime wage requirements during Plaintiff's and the IMWL Class Members' employment. As such, Cornerstone's conduct constitutes a willful violation of the IMWL.

95.     Cornerstone has and continues to willfully violate the IMWL by not paying Plaintiff and the IMWL Class Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor in excess of their regular 40-hour workweek.

96.     As a result of Cornerstone's failure or refusal to pay Plaintiff and the IMWL Class Members a wage equal to one-and-one-half times Plaintiff's and the IMWL Class Members' regular rates of pay for work they performed for Cornerstone in excess of their regular 40-hour workweek, Cornerstone violated IMWL 820 § 105/4(a). Plaintiff and the IMWL Class Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

## COUNT THREE: ILLINOIS WAGE PAYMENT AND COLLECT ACT
## UNLAWFUL EXPENSE REIMBURSEMENTS

97.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.     Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and

15

directly related to services performed for the employer." 820 ILCS 115/9.5(a). Cornerstone
violated the IWPCA by failing to adequately reimburse Plaintiff and the IWPCA Class Members
for the equipment, internet, cell phone, and remote office expenses necessary to perform their job
duties for Cornerstone.

99.    Plaintiff and the IWPCA Class Members work in a "remote" work-from-home
environment.

100.    At all relevant times, Cornerstone has imposed strict high-speed internet,
dedicated phone, and dedicated home office space requirements upon Plaintiff and the
IWPCA Class Members.

101.    At all relevant times, Cornerstone has failed to reimburse Plaintiff and the
IWPCA Class Members for the costs of such high-speed internet, dedicated phone, and dedicated
home office expenses.

102.    At all relevant times, the high-speed internet required by Cornerstone was for
Cornerstone's benefit.

103.    At all relevant times, Plaintiff and the IWPCA Class Members were required to
work on Cornerstone's software platform, which requires employees to be connected to the
internet via a high-speed connection.

104.    In other words, Plaintiff and the IWPCA Class Members could not fulfill their job
duties for Cornerstone without a high-speed connection.

105.    At all relevant times, the dedicated phone line required by Cornerstone was for
Cornerstone's benefit.

16

106.    At all relevant times, Plaintiff and the IWPCA Class Members were required to work on Cornerstone's software program, which requires Plaintiff and the IWPCA Class Members to have a dedicated phone line.

107.    In other words, Plaintiff and the IWPCA Class Members could not fulfill their job duties for Cornerstone without a high-speed connection.

108.    At all relevant times, Cornerstone required Plaintiff and the IWPCA Class Members to provide and maintain a quiet, dedicated, clutter-free remote work space.

109.    Cornerstone's home office requirements are designed to ensure that its brand standards are met and that Cornerstone presents itself to its customers in a professional and positive light.

110.    Rather than providing and maintaining appropriate office space for Plaintiff and the IWPCA Class Members, Cornerstone passed the expense of providing the same to Plaintiff and the IWPCA Class Members without reimbursing them for any of the expenses for providing and maintaining the same.

111.    As a result, Cornerstone has intentionally failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

112.    Cornerstone has willfully failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

113.    Although at this stage, Plaintiff and the IWPCA Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the IWPCA Class Members believe that such information will become available during the course of discovery.

17

114.    As a result of Cornerstone's failure or refusal to adequately reimburse Plaintiff and the Class Members for the internet, cell phone and equipment expenses necessary to perform their job duties for Cornerstone, Cornerstone violated 820 ILCS 115/9.5(a).  Plaintiff and the IWPCA Class Members are therefore entitled to payment of all unreimbursed expenses, plus statutory damages and interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, April Shakoor-Delgado individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members', the IMWL Class Members' and the IWPCA Class Members' favor, and against Defendant, Cornerstone First Mortgage, LLC:

A.    For the Court to declare and find that the Cornerstone committed one or more of the following acts:

   i.    violated the overtime provisions of the FLSA, by failing to pay proper overtime wages;

   ii.    willfully violated the overtime provisions of the FLSA;

   iii.    violated the overtime provisions of IMWL, by failing to pay proper overtime wages; and

   iv.    willfully violated the overtime provisions of the IMWL;

   v.    violated the expense reimbursement provisions of the IWPCA; and

   vi.    willfully violated the expense reimbursement provisions of the IWPCA.

B.    For the Court to award damages in the amounts of all unpaid overtime wages and expenses due and owing to Plaintiff, the Collective Members and the Class Members;

18

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.      For the Court to award all statutory damages, interest, attorney fees and costs owed to Plaintiff and the IMWL Class Members under the IMWL.

F.      For the Court to award all statutory damages, interest, attorney fees and costs owed to Plaintiff and the IWPCA Class Members under the IWPCA.

G.      For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint.

H.      For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and Class Members and for the risks she took in doing so; and

I.      Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, the FLSA Collective, and the Illinois Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: June 19, 2024.

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076

19

Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

DocuSign Envelope ID: 64DD83BD-74A7-436B-B7EB-1F3AE8442052

Case: 1:24-cv-05103 Document #: 1-1 Filed: 06/19/24 Page 1 of 1 PageID #:21

## CONSENT TO JOIN FLSA COLLECTIVE

     I consent to join the collective action lawsuit do hereby consent to be a party plaintiff to pursue minimum wage and/or overtime claims against Cornerstone First Mortgage. I authorize my Attorneys to file the Complaint on my behalf and for other employees similarly situated. I authorize the Attorneys to represent me in the Lawsuit and make decisions on my behalf, including how to conduct the Lawsuit, settlement, and all other matters related to the Lawsuit.

*April Shakoor-Delgado*
E38D80057A7D4A5
April Shakoor-Delgado

6/17/2024
_____
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

APRIL SHAKOOR-DELGADO, individually and on )
behalf of all others similarly situated,          )
                                                   )
                  Plaintiff,                       )   Case No. 24-CV-05103
                                                   )
         v.                                        )   Judge Martha M. Pacold
                                                   )
CORNERSTONE FIRST MORTGAGE, LLC,                   )   Magistrate Judge: Heather K. McShain
                                                   )
                  Defendants.                      )
                                                   )

### DEFENDANT CORNERSTONE FIRE MORTGAGE, LLC'S
### MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

Defendant Cornerstone First Mortgage, LLC ("Cornerstone") hereby moves this Court to dismiss Count III of Plaintiff's Class and Collective Action Complaint ("Complaint").

### INTRODUCTION

Count III of Plaintiff's Complaint alleges Cornerstone failed to reimburse Plaintiff for the high-speed internet, cell phone, and unspecified equipment and office expenses. Dkt. 1, Complaint, p. 15-18. However, Plaintiff fails to make a claim or otherwise provide any factual support that she submitted requests for reimbursements as required by Section 9.5 of the Illinois Wage Payment and Collection Act ("IWPCA"). 820 ILCS 115/9.5. The IWPCA requires an employer to reimburse employees for necessary expenditures incurred by the employee within the scope of their employment so long that those expenses are submitted within 30 calendar days. *Id.* Because Plaintiff does not (and cannot) allege that she made such requests, Plaintiff has failed to state a claim for relief for expense reimbursement under Section 9.5 of the IWPCA. As such, Count III of Plaintiff's Complaint must be dismissed.

1



EXHIBIT
B

## STATEMENT OF FACTS

On June 19, 2024, Plaintiff filed a Complaint against Cornerstone alleging three causes of action. Dkt. 1, Complaint. Defendant has filed with this motion their answers and affirmative defenses to Counts I & II, which allege violations of the Fair Labor Standards Act and Illinois Minimum Wage Law for failure to pay overtime and all time worked. *Id* at 12-15. At issue here is Count III of the Complaint, in which Plaintiff alleges a violation of the IWPCA for failure to adequately reimburse Plaintiff for equipment, internet, cell phone, and remote office expenses. *Id.* at 2, 15-18.

Plaintiff failed to include any allegations, direct or implied, that she submitted the claimed expenses to Cornerstone for reimbursement. Plaintiff does not specify the costs of the alleged expenses, nor does she attach supporting documentation of said expenses to the Complaint. Cornerstone first learned of such expenses upon receipt of the Complaint as Cornerstone has no record of Plaintiff submitting any expenses for reimbursement to date. Although Cornerstone does not have a written reimbursement policy, they do allow employees to submit necessary expenses for reimbursement.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating such a motion, the court takes all well-pleaded allegations as true. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). The court need not accept as true, however, legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face."

2

*Id.* "[A]llegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). A complaint that contains allegations "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

## ARGUMENT

Count III of Plaintiff's Complaint alleges Defendants failed to reimburse necessary expenses in violation of the IWPCA. However, Plaintiff fails to present any evidence or otherwise allege that she submitted the alleged expenses for reimbursement. Under the IWCPA, employers must "reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5. The same provision also requires employees to **"submit any necessary expenditure with appropriate supporting documentation within 30 calendar days** after incurring the expense, except that an employer may provide additional time for submitting requests for reimbursement in a written expense reimbursement policy." *Id.* (emphasis added). Accordingly, to survive a motion to dismiss, Plaintiff must have submitted any of the claimed necessary expenses with appropriate supporting documentation within 30 days of incurring the expense. *Prokhorov v. IIK Transp., Inc.,* 20 CV 6807, 2024 WL 3694523, at *12 (N.D. Ill. Aug. 7, 2024).

Plaintiff asserts she paid out of pocket for necessary expenses including equipment, internet, cell phone, and remote office expenses. However, Plaintiff provides no evidence that she submitted the alleged expenses for reimbursement within 30 days, let alone at all. The Complaint

3

merely lists various expenses without particularity to when Plaintiff incurred the expenses, the cost of each expense, and, in some cases, what the expense was. The IWPCA does not allow employees to make claims for vague list items like "remote office expenses." To the contrary, the IWPCA requires employees to attach supporting documentation to any requests for reimbursement. Per Section 9.5 of the IWPCA, "[a]n employer is not responsible for losses due to an employee's own negligence." Accordingly, Defendant cannot be responsible for failing to reimburse Plaintiff for expenses she neglected to submit. The IWPCA provides a clear path for expense reimbursement for employees; one that Plaintiff failed to follow both in the course of her employment with Defendant and the allegations in Count III of the Complaint.

Even if Plaintiff did allege that she submitted the alleged expenses for reimbursement, Cornerstone has no record of Plaintiff submitting expenses for reimbursement at any time during the course of her employment. It is the precedent of this Court that employees cannot succeed on a claim for reimbursement under the IWPCA without alleging or otherwise providing evidence of requests for reimbursement made and unfulfilled by their employer. *Prokhorov,* 2024 WL 3694523, at *12. As there is neither evidence nor allegations that Plaintiff made request for reimbursements that went unfulfilled by Cornerstone, Plaintiff fails to state a claim that Cornerstone violated Section 9.5 of the IWPCA. Accordingly, Count III of the Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Cornerstone respectfully requests that the Court dismiss Count III of Plaintiff's Complaint against Defendant Cornerstone pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure.

.

4

Respectfully submitted,

By: */s/ Brian M. Roth*

Brian Roth
*One of the Attorneys for Defendant,*
*Cornerstone First Mortgage, LLC*

Brian M. Roth
Alana B. Lawton
GORDON REES SCULLY MANSUKHANI, LLP
One North Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone:    (312) 565-1400
Facsimile:     (312) 565-6511
broth@grsm.com
alawton@grsm.com