# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL SHAKOOR-DELGADO, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CORNERSTONE FIRST MORTGAGE, LLC,<br><br>Defendant. | Case No. 24-cv-1811-MMA-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 11] |

    Plaintiff April Shakoor-Delgado brings this putative class action against Defendant Cornerstone First Mortgage, LLC's ("Defendant" or "Cornerstone") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). On February 10, 2025, Defendant filed a motion to dismiss Plaintiff's third cause of action. Doc. No. 11. Plaintiff filed an opposition, to which Defendant replied. Doc. Nos. 15, 26. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 17. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I. Background

Cornerstone is a full-service mortgage lender. Doc. No. 1 ("Compl.") ¶ 23. From November 2021 through November 2023 and then again from February 2024 through the date of the Complaint, Plaintiff was employed by Cornerstone as a loan officer. *Id.* ¶ 15. Generally speaking, Plaintiff alleges that Cornerstone failed to pay her and other employees minimum and overtime wages and failed to reimburse expenses in violation of the FLSA as well as the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act, 820 IILCS 115/1 *et seq.* ("IWPCA").[1] She seeks to represent two classes of employees who worked for Cornerstone in Illinois. *Id.* ¶ 73.

## II. Discussion

Plaintiff initiated this action on October 9, 2024. *See* Compl. Doc. No. 1. Defendant was served with the summons and Complaint on October 30, 2024. Doc. No. 7. However, Defendant did not file a responsive pleading within 21 days after being served.[2] Fed. R. Civ. P. 12(a)(1)(A)(i). Instead, some three months later, Defendant filed an Answer, Doc. No. 10, followed shortly thereafter by a motion to dismiss pursuant to Federal Rule of Civil Procedure[3] 12(b)(6), Doc. No. 11. Defendant did not obtain an extension of time to file either its Answer or motion to dismiss.

Thus, the Court notes at the outset that Defendant's responsive filings are untimely. More importantly, a motion to dismiss for failure to state a claim upon which

---

[1] Regarding the references to Illinois and Illinois law in the Complaint, the Court notes that Plaintiff curiously pleads that venue in the Southern District of California is proper pursuant to 28 U.S.C. § 1391 "because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the Northern District of Illinois." Compl. ¶ 10. Clearly, this is a typographical error. Nevertheless, because Plaintiff pleads that Defendant Cornerstone has its principal place of business in San Diego, California, *id.* ¶ 12, the Court assumes on this limited record that venue is proper. 28 U.S.C. § 1391(b)(1).
[2] And based upon Plaintiff's filing of proof of service, there is no indication that Defendant timely waived service. Fed. R. Civ. P. 4(d). Even assuming Defendant had duly waived service, it did not file a responsive pleading within 60 days. Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 12(a)(1)(A)(ii).
[3] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see also MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006) ("A Rule 12(b)(6) motion must be made before the responsive pleading.") (quoting *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004)). And here, Cornerstone filed its motion after it filed a responsive pleading.[4] Consequently, the Court treats Cornerstone's motion as a motion for judgment on the pleadings pursuant to Rule 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) ("[I]f a motion to dismiss for failure to state a claim is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings"); *Birdwell v. AvalonBay Cmtys., Inc.*, No. 21-cv-00864-JST, 2023 U.S. Dist. LEXIS 173120, at *7 (N.D. Cal. Sep. 27, 2023).

**A.    Legal Standard**

A motion for judgment on the pleadings may be brought, "after pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). When considering a motion for judgment on the pleadings, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). The movant is entitled to judgment only where it has been "clearly established on the face of the pleadings that no material issue of fact remains to be resolved." *Hal Roach Studios, Inc. v. Richard Feiner and Co, Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). An "analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted)).

---

[4] Cornerstone seemingly contends that it has only answered Plaintiff's first two claims and not the third. Doc. No. 11 at 5 ("Here, Cornerstone is *answering* Plaintiff's first and second counts, but hereby moves to dismiss the third count, . . .") (emphasis in original). But Cornerstone's Answer includes responses to every allegation in the Complaint, including those related to Claim 3, *compare* Doc. No. 1, *with* Doc. No. 10. In any event, the Federal Rules of Civil Procedure contemplate answers to complaints, not piecemeal answers to some claims and not others. *See* Fed. R. Civ. P. 7(a)(2).

**B.     Analysis**

As noted, Cornerstone only challenges Plaintiff's third claim. Plaintiff's third claim is for violation of the IWPCA based upon Cornerstone's alleged failure to reimburse her and other employees the costs of high-speed internet, phone, and other home office expenses. Compl. ¶ 114. Cornerstone moves to dismiss this claim, arguing that Plaintiff fails to plead that she complied with the IWPCA by submitting a reimbursement request. Doc. No. 11 at 4–6.

Plaintiff does not dispute that the IWPCA explicitly sets forth such a requirement. Doc. No. 15 at 3. Indeed, the IWPCA requires an employer to reimburse employees "for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer" and also provides that employees "shall submit any necessary expenditure with appropriate supporting documentation within 30 calendar days after incurring the expense, except that an employer may provide additional time for submitting requests for reimbursement in a written expense reimbursement policy." 820 ILCS 115/9.5(a). However, it is not clear that a plaintiff must plead compliance with this requirement in order to state a claim under the IWPCA. And where, as here, Plaintiff pleads that Cornerstone's policy is that these expenditures are not eligible for reimbursement, Compl. ¶¶ 128–129, the Court cannot say on this limited record that it is clearly established no factual issues remain, and that Plaintiff is precluded from recovery. Accordingly, the Court finds that Cornerstone is not entitled to judgment on this claim.

### III. C<small>ONCLUSION</small>

Based upon the foregoing, the Court **DENIES** Defendant Cornerstone's motion.

**IT IS SO ORDERED**.

Dated: April 21, 2025

HON. MICHAEL M. ANELLO
United States District Judge